Dear Mr. Gegenheimer,
Your request for an opinion of the attorney general regarding prescription of judgments has been forwarded to me for reply. The questions presented in your request are based upon your interpretation of the following statutes and code articles:
La.R.S. 9:5701 provides, in part, as follows:
(A) Except as provided in Subsection B of this Section, actions for debts including student loans, stipends, or benefits due to any charitable or educational institution in the state . . . are prescribed by thirty years, provided the debt is evidenced in writing.
(B) Actions for debts, due to public institutions of higher education in this state, other than student loans, stipends, or benefits are prescribed by ten years, provided the debt is evidenced in writing.
La.R.S. 9:5685 provides that, "[a]ll judgments in favor of the state against all persons and the effect of recordation thereof shall be prescribed by the lapse of ten years from the date of the signing of the judgment . . ."
La.C.C. art. 3359 provides that "[t]he effect of recordation of a judgment creating a judicial mortgage ceases ten years after the date of the judgment." *Page 2 
La.C.C. art. 3501 has a similar provision for money judgments. It provides in part that "[a] money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final."
In light of these provisions, you ask the following:
(1) If I, as clerk of court, am requested to cancel a judgment that has not been revived or reinscribed in ten years, may I cancel the judgment if it is in favor of a charitable or educational institution and the judgment shows on its face that it is based upon an action or debt for a student loan, stipend, etc. (i.e., that has a thirty year prescriptive period)?
(2) If the judgment does not show on its face that it is based upon an act or a debt for a student loan, stipend, or benefit, would such judgment also prescribe in ten years?
It appears that these questions are based on the assumption that La.R.S. 9:5701, which discusses a 30 year prescriptive period, conflicts with La.R.S. 9:5685 and La.C.C. arts. 3359 and 3501, which each mention a ten year prescriptive period. These provisions do not conflict. Instead, they address the prescription of two different things: a cause of action and a judgment.
La.R.S. 9:5701 provides that "actions for debts including student loans, stipends, or benefits due to any charitable or educational institution in the state . . . are prescribed by thirty years. . . ." This means that the charitable or educational institution has thirty years in which to sue the defendant to collect a debt for student loans, stipends or benefits due to it. If the suit is not filed in thirty years, the cause of action prescribes.
However, if a suit is filed and judgment awarded, the judgment is good for ten years, after which it prescribes. Money judgments rendered by a trial court in Louisiana prescribe by the lapse of ten years from the signing if no appeal has been taken or if an appeal has been taken, they prescribe in ten years from the time that the judgment becomes final. La.C.C. art 3501. A party desiring to have a money judgment revived may file an ex parte motion to revive the judgment at any time before it prescribes. La.C.C.P. art. 2031(A). At any time after the signing of the judgment of revival, the judgment debtor, by contradictory motion, may have the judgment of revival annulled by showing that it was satisfied prior to the signing of the judgment of revival. La.C.C.P. art. 2031(B).
Accordingly, for the reasons stated above, the answer to both of your questions is `yes.' If you are requested to cancel a judgment that has not been revived after ten years, you may do so regardless of whether the judgment is in favor of a *Page 3 
charitable or educational institution and the cause of action underlying the judgment is a student loan, stipend, or benefit due to the charitable or educational institution and regardless of whether the debt giving rise to the judgment shows on its face that it was based upon an act or a debt for a student loan, stipend, or benefit.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By:___________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt